FILED LM
8/2/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
FEB 21 2024 KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Quatwan Moore, 20200221110,

Plaintiff,

VS

Thomas Dart, Sergeant Reyes, C/o Torres, C/o Reyes, John Doe 1 and John Doe 2,

Defendants.

PC 7
24cv1507
Andrea R. Wood
Jeffrey T. Gilbert
Direct Assignment cat 3

COMPLAINT

Plaintiff Quatwan Moore, Pro Se alleges as follows:

1. This is a Complaint Under The Civil Rights Act, Tittle 42 Section 1983 Code (State).

2. Quatwan Moore, is a detainee at Cook County Jail. He is assigned booking #2020-0221110.

3. Defendant Thomas Dart, is the Sheriff Of Cook County. Plaintiff sues Dart in his offical Capacity only.

4. Defendant Torres, is a Correctional Officer (C/o) at Cook County Jail. Plaintiff sues Torres, offically and individually, Capacity.

5. Defendant Reyes, is a Correctional officer at Cook County Jail. Plaintiff Sues Reyes, offically and individually Capacity.

6. Defendant Sergeant Reyes is a Correctional Sergeant at Cook County Jail. Plaintiff Sues Reyes offically and individually, Capacity.

7. Defendant John Doe 1, is a Correctional officer at Cook County Jail. Plaintiff sues John Doe 1, individually and Offically Capacity.

8. Defendant John Doe 2, is a Correctional officer at cook County Jail. Plaintiff Sues John Doe 2, individually and Offically Capacity.

9. On November 2, 2023, Plaintiff was returning from an Outside hospital due to a serious medical Condition; transported back to Cook County Jail's Cermak Hospital.

10. Plaintiff requested to use the restroom and he was denied and was told to (expletive) on himself; by defendants' c/o Reyes and Torres.

11. Shortly defendant Sergeant Reyes, walked thru and Plaintiff requested the restroom and informed him about the defendants' Reyes and Torres; Sgt. Reyes, ordered Plaintiff to be taken to the restroom and he left.

12. Defendants' C/o Reyes and Torres got extremely agitated and Called Plaintiff a "Snitch"; and were upset from being Verbally reprimanded by their Superior, which they were told they were Violating Moore's Constitutional rights."

13. Once Plaintiff returned from the restroom he fell down and had a Seizure. Defendants' C/o Reyes and Torres, as told to Plaintiff by a nurse that "They thought You were not being genuine."

14. Plaintiff was admitted to the infirmary; while waiting handcuffed to the bed. Plaintiff had ~~a~~ Verbal encounter with defendants' C/o Reyes and Torres; in which he was physically attacked by defendants'; Closed and open hand Strikes; kneeing in the rib Area; and the back of his head banged against the hospital bedrail. (plaintiff has a full head of dreadlocks).

15. After Plaintiff was attacked defendants' Sgt. Reyes, John Doe 1, and John Doe 2,

responded.

16. Plaintiff was attacked by Sgt. Reyes because he yelling what defendants Reyes and Torres done to him; defendant Sgt. Reyes Yelled Shut up! Plaintiff would not; he punched and choked plaintiff; Plaintiff was in So much pain from the beaten from defendants' Reyes and Torres.

17. Shortly Plaintiff was taken to the infirmary and he was attacked on the elevator by John Doe 1 and John Doe 2, because he was walking to slow and threw up blood; repeated strikes to the ribs while handcuffed and strikes to the back of the head area.

18. Plaintiff submitted numerous requests to see the doctor for bruised ribs; lost of sensation in his right hand (which is still his condition) and a head injury that continuously causes migraine headaches.

19. Policy at Cook County Jail, requires Staff to wear and activate their body cams once an incident occurs. Each defendant were wearing Body cams. Plaintiff was told by investigators there was no body cam footage to Substantiate his Claims, Yet there were witnesses and hospital cameras.

Plaintiff demands trial by jury on his claims for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages; that the Court fashion appropriate prospective relief for Plaintiff; and that the Court grant Plaintiff's motion for Appointment of Counsel.

2-7-24

x [signature] Moore

Quatwan Moore 20200221110
2700 S. California
Chicago, Il 60608

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: 21-CV-01025

B. Approximate date of filing lawsuit: February 2021

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: Cermak Health and Services, et al.,

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern Dis. of Ill. Eastern Division.

F. Name of judge to whom case was assigned: Judge Andrea R. Wood

G. Basic claim made: Deliberate indifference

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Case was dismissed without prejudice March 1, 2021

I. Approximate date of disposition: March 1, 2021 / April 30, 2021

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Page 1 of 1

QuaTwan Moore
20200221110
2700 S California
Chicago, IL 60608

quadient
FIRST-CLASS MAIL
IMI
$003.07
02/15/2024 ZIP 60608
043M31244814
US POSTAGE

02/21/2024-44

RECEIVED
2024 FEB 21 AM 9:50

United States District Court
Prisoner Correspondence
219 S. Dearborn
Chicago, IL 60604