**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QUATWAN MOORE, 20200221110,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT REYES, C/O TORRES,<br>C/O REYES, JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 24-cv-01507<br><br>Judge Andrea R. Wood<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Now comes Defendant, Correctional Officers Keith Reyes and John Torres ("Defendants, by his attorney EILEEN O'NEILL BURKE, State's Attorney of Cook County, through her Assistant State's Attorney, Ashlee Doss, and answers Plaintiff's Complaint as follows:

1. This is a complaint under the Civil Rights Act, Tittle 42 Section 1983 Code (State).

**ANSWER: Admit and denies liability.**

2. Quatwan Moore, is a detainee at Cook County Jail. He is assigned booking #2020-0221110.

**ANSWER: Defendants admit that Plaintiff, Quatwan Moore, at all relevant times was housed in Cook County Department of Corrections under booking number 2020221110.**

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

**ANSWER: Pursuant to this Honorable Court's 1915A Order, Plaintiff cannot proceed against Defendant Thomas Dart as Sheriff of Cook County in his official capacity, and therefore this paragraph does not require an answer [Dkt. 5].**

4. Defendant Torres is a correctional officer (c/o) at Cook County Jail. Plaintiff sues Torres, officially and individually, capacity.

**ANSWER: Defendant Torres admits only that Plaintiff purports to sue Defendant Torres in his official and individual capacity, and that at all relevant times he was employed as a correctional officer.**

5. Defendant Reyes is a correctional officer at Cook County Jail. Plaintiff sues Reyes, officially and individually capacity.

**ANSWER: Defendant Reyes admits only that Plaintiff purports to sue Defendant Reyes in his official and individual capacity, and that at all relevant times he was employed as a correctional officer.**

6. Defendant Sergeant Reyes is a Correctional Sergeant at Cook County Jail. Plaintiff sues Reyes officially and individually, capacity.

**ANSWER: Defendants admits only that Plaintiff purports to sue Sergeant Reyes in his official and individual capacity. Pursuant to this Honorable Court's 1915A Order, Plaintiff cannot proceed with his official capacity claim. [Dkt. 5].**

7. Defendant John Doe 1 is a Correctional Officer at Cook County Jail. Plaintiff sues John Doe 1, individually and officially capacity.

**ANSWER: This paragraph does not contain allegations against Defendants and therefore does not require an answer.**

8. Defendant John Doe 2 is a Correctional Officer at Cook County Jail. Plaintiff sues John Doe 2, individually and officially capacity.

**ANSWER: This paragraph does not contain allegations against Defendants and therefore does not require an answer.**

9. On November 2, 2023, Plaintiff was returning from an outside hospital due to a serious medical condition; transported back to Cook County Jail's Cermak Hospital.

**ANSWER: Defendants admit the allegations contained in paragraph 9.**

10. Plaintiff requested to use the restroom and he was denied and was told to (expletive) on himself; by defendants' C/O Reyes and Torres.

**ANSWER: Defendants Officer Reyes and Torres deny the allegations contained in paragraph 10.**

11. Shortly defendant Sergeant Reyes walked thru and plaintiff requested the restroom and informed him about the defendants' Reyes and Torres; Sgt. Reyes, ordered plaintiff to be taken to the restroom and he left.

**ANSWER: Defendants Officer Reyes and Torres deny the allegations contained in paragraph 11.**

12. Defendants' C/O Reyes and Torres got extremely agitated and called plaintiff a "snitch"; and were upset from being verbally reprimanded by their superior, which they were told they were violating Moore's Constitutional rights".

**ANSWER: Defendants Officer Reyes and Torres deny the allegations contained in paragraph 12.**

13. Once plaintiff returned from the restroom he fell down and had a seizure. Defendants' C/O Reyes and Torres, as told to plaintiff by a nurse that "they thought you were not being genuine".

**ANSWER: The allegations in this paragraph are not directed towards Defendants John Torres and Keith Reyes and therefore does not require an answer. To the extent an answer is required, Defendants deny the allegations contained in paragraph 13.**

14. Plaintiff was admitted to the infirmary; while waiting handcuffed to the bed. Plaintiff had a verbal encounter with defendants' C/O Reyes and Torres; in which he was physically attacked by defendants'; closed and open hand strikes; kneeing in the rib area; and the back of his head banged against the hospital bedrail. (plaintiff has a full head of dreadlocks).

**ANSWER: Defendants deny the allegations contained in paragraph 14.**

15. After plaintiff was attacked defendants' Sgt. Reyes, John Doe 1, and John Doe 2, responded.

**ANSWER: Defendants deny the allegations contained in paragraph 15.**

16. Plaintiff was attacked by Sgt. Reyes because he yelling what defendants Reyes and Torres done to him; defendant Sgt. Reyes yelled Shut up! Plaintiff would not; he punched and choked plaintiff; plaintiff was in so much pain from the beaten from defendants' Reyes and Torres.

**ANSWER: Defendants deny the allegations contained in paragraph 16.**

17. Shortly plaintiff was taken to the infirmary and he was attacked on the elevator by John Doe 1 and John Doe 2, because he was walking to slow and threw up blood; repeated strikes to the ribs while handcuffed and strikes to the back of the head area.

**ANSWER: The allegations in this paragraph are not directed towards Defendant and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 17.**

18. Plaintiff submitted numerous requests to see the doctor for bruised ribs; lost of sensation in his right hand (which is still his condition) and a head injury that continuously causes migraine headaches.

**ANSWER: The allegations in this paragraph are not directed towards Defendants Torres and Reyes and therefore no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph 18.**

19. Policy at Cook County Jail, requires staff to wear and activate their body cams once an incident occurs. Each defendant were wearing body cams. Plaintiff was told by investigators there was no body cam footage to substantiate his claims, yet there were witnesses and hospital cameras.

**ANSWER: The allegations in this paragraph are not directed towards Defendants Torres and Reyes and therefore does not require an answer. To the extent an answer is required, Defendant admits only that policies relating to body worn cameras speak for themselves and deny any liability or wrongdoing.**

Plaintiff demands trial by jury on his claims for damages.

<u>CONCLUSION</u>

It is therefore respectfully requested that the Court grant appropriate compensatory damages, fashion appropriate prospective relief for plaintiff, and that the Court grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

**ANSWER: Defendant denies that Plaintiff is entitled to any recovery.**

## AFFIRMATIVE DEFENSES

Answering further, Sheriff Dart submits the following affirmative defenses:

**I.**
**42 U.S.C. §1997e(a)**

1. Section 1997e(a) of the Prisoner Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*See also Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

2. Plaintiff has not exhausted his administrative remedies and is barred from bringing the instant lawsuit under the PLRA.

**II.**
**42 U.S.C. §1997e(e)**

3. Plaintiff has requested compensatory damages but did not say whether that included mental or emotional damages.

4. Section 1997e(e) of the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

5. Plaintiff cannot show physical injury and, as a result, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental or emotional damages.

**III.**
**Failure to Mitigate**

6. Without waiving his denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Sheriff Dart, Plaintiff had a duty to mitigate those damages.

7. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced by the amount by reason of said failure to mitigate.

**IV.**
**Contributory Negligence**

8. At all relevant times, Plaintiff owed a duty to act reasonably to mitigate injuries and damage.

9. To the extent any injury or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced or barred by application of the principles of contributory negligence.

**VI.**
**Immunity from Punitive Damages**

10. Plaintiff seeks punitive damages from Sheriff Dart in his official capacity.

11. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

12. Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

13. Therefore, Defendant asserts immunity from the same.

## JURY DEMAND

Defendants respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendants, John Torres and Keith Reyes, denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Sheriff Dart prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of the Sheriff Dart's fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: */s/: Ashlee Doss*
Ashlee Doss
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3115
Ashlee.doss@cookcountysao.org